GREGORY W. KNOPP (SBN 237615)
JEREMY F. BOLLINGER (SBN 240132)
gknopp@akingump.com
jbollinger@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  310-229-1000
Facsimile:   310-229-1001

Attorneys for Defendant
STARBUCKS CORPORATION

GAURAV BOBBY KALRA (SBN 219483)
bobby@gbkattorney.com
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:  916-492-6088
Facsimile:   916-492-6087

Attorneys for Plaintiff
MICHELLE R. WILCOX

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE R. WILCOX, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | No. 2:14-cv-00455 JAM DAD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiff Michelle Wilcox ("Plaintiff") and Defendant Starbucks Corporation ("Defendant") (collectively, the "Parties"), through their undersigned counsel, pursuant to Rule 26(c)(1), hereby STIPULATE AND AGREE that this Court should enter the following Stipulated and Proposed Protective Order Regarding Confidential Discovery Material ("Stipulated Protective Order") with respect to pre-trial discovery. This Stipulated Protective Order will govern documents and information produced by the Parties in response to discovery requests in this action, Case No2:14-CV-00455-JAM-DAD ("discovery material").

Good cause exists for the Court to enter a protective order regarding confidential, proprietary, or private discovery material in this action because disclosure and discovery activity in this action are likely to involve production of such discovery material and special protection from public disclosure and use for any purpose other than prosecuting this litigation is warranted. Such information is expected to include employee personnel records and contact information, investigations, and information regarding Starbucks internal policies, practices, strategies, and/or technical, cost, price, marketing or other confidential information. The parties, as well as third parties whose confidential or private employment or business records may be discussed or referred to within these documents, may be irreparably harmed if no protective order is entered to protect against the dissemination of such private, confidential information. Accordingly, there is good cause for the Court to enter a protective order regarding confidential discovery material according to the terms stipulated and agreed to by the parties below.

## I.     DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A.     During the course of litigation, either party may seek to have discovery material classified as "confidential." Any party ("designating party") may designate as confidential any discovery material if the party in good faith believes that it contains confidential personal or commercial information, specifically including any employee payroll data, employee personnel data and/or contact information, or Starbucks internal policies, practices or strategies. Discovery material that is so designated is referred to

herein as "Confidential Material." The designating party will mark each page "Confidential" of any document designated as such. The designation will be made to avoid obscuring or defacing any portion of the discovery material. Should any party, counsel for any party, or any person not a party to this action, who obtains access to any Confidential Material make copies of or from such material, the material will also be designated Confidential and all references in this Stipulated Protective Order will be deemed to apply to such copies. Deposition testimony based on information designated Confidential will be identified as such either by a statement on the record at the deposition or by marking as Confidential documents or selected pages of documents containing such testimony. If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of receipt of such notice. Likewise, if a party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking.

B. All Confidential Material and any portion thereof, including copies thereof will be deemed confidential and will be for use in these proceedings only, including purposes that may be considered ancillary to this action but are related to the resolution of the claims asserted in the action, such as the mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.

C. All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel and their staff; (c) stenographic reporters; (d) the named parties; (e) any current or former officers, directors, or employees of the Parties who are needed to assist their counsel in this

action; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by executing the form attached as Exhibit A (discussed below in section II): (f) any expert or consultant retained in connection with this action; (g) witnesses and potential witnesses at, and in preparation for, deposition, trial, or hearing herein; (h) outside vendors who perform photocopying, data entry, or similar clerical functions; and (i) an appointed mediator or neutral for ADR settlement purposes. Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose.

## II.   **CONDITIONS OF DISCLOSURE**

A. As set forth in section I.C. above, prior to the disclosure of Confidential Material or any information contained therein to the persons qualified to receive it but required to execute Exhibit A, counsel for the requesting party will secure from each such person the signed Exhibit A, which provides that he or she has read this Stipulated Protective Order, that he or she will not divulge any Confidential Material or any information contained therein except for the purpose of litigating this action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the material for any other purpose.

B. Confidential Material will be copied only by the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order, and control and distribution of confidential material and copies thereof will be the responsibility of such counsel, who will maintain a list of all persons to whom confidential material has been disclosed as well as the written assurances executed by such persons as provided in sections I.C. and II.A. Under exceptional circumstances, and for good cause shown in connection with an assertion of improper disclosure, a designating party may request the Court to order a

party to disclose *in camera* a list of all persons to whom Confidential Material has been disclosed as well as the written assurances executed by such persons.

     C.    The restrictions set forth in this Stipulated Protective Order will not apply to: (a) information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) any party, with respect to its own information or information received or created during the normal course of its own business. Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential will be determined according to the standards and procedures set forth herein. The owner of Confidential Material will be able to seek protection of that information in accordance with the provisions of this Stipulated Protective Order.

     D.    The Parties agree that the Plaintiff's employee personnel file, her medical records submitted to Starbucks, and any documents Plaintiff signed in connection with her employment at Starbucks are not subject to this Stipulated Protective Order.

## III. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

     A.    During a deposition, either party may request any person present to sign the attached Exhibit A with the exception of any deposition reporters, videographers, and any individuals listed in sections I.C.(a)–(e).

     B.    To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript, specifying by page and line number of the transcript all testimony to be designated confidential.

     C.    If any Confidential Material is marked as an exhibit in a deposition, or hearing, or other proceeding in this action, and its contents are disclosed, wholly or partially, in the course of the testimony at such proceeding, counsel for the Parties will (a) advise the reporter that the exhibit(s) refer to Confidential Material or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript. In either

1. case, the exhibit itself, as well as the portions of the transcript containing such
2. disclosure, will be marked Confidential and will be deemed Confidential Material. To
3. this end, the reporter will not furnish copies thereof to anyone other than counsel of
4. record for the Parties herein, and, if so requested by such counsel, the witness and the
5. witness' counsel.

### IV. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

The Parties agree to endeavor to minimize the number of documents filed with the Court that contain Confidential information and to meet and confer in good faith regarding the manner in which they can do so (such as by redaction).

To the extent a party intends to file under seal material that was previously designated by any party as Confidential Material, the filing party must comply with Local Rule 141. Any document designated as Confidential Material is deemed appropriate for filing under seal only if the party intending to file it as such also submits a request complying with Local Rule 141 showing the basis for the material to be filed under seal, and which request is subsequently granted by the Court. The request must be directed to the judge to whom the papers are directed. Pending ruling on the request, the papers or portions thereof subject to the sealing application shall be lodged under seal.

### V. CHALLENGING A CONFIDENTIAL DESIGNATION

If at any time during this litigation a party disputes the designation of discovery material as Confidential, the objecting party may utilize the discovery dispute resolution procedures outlined in Local Rule 251. The objecting party will notify the designating party in writing that he/she disagrees with the designation within 20 calendar days of receipt of the documents. The notice will identify the material in dispute and explain the basis for the objection. The designating party will have 10 calendar days to provide a written response to the objection, explaining its reason for designating the material at issue as Confidential.

In the event a party disputes the designation of discovery material as confidential prior to the start of trial, the Parties will follow the procedures set forth in Civil Local Rule 251 to resolve the dispute.  Accompanying the joint stipulation the parties present to the Court, the objecting party may submit as exhibits:  (1) a copy of this Stipulated Protective Order; (2) the written notice of dispute; (3) the written response to the notice of dispute; (4) a reply in support of the written notice of dispute; and (5) a copy of the material at issue.  In the event that the material described in (5) is to be submitted under seal, the moving party must also follow the procedures set forth in Local Rule 141 and section V of this Stipulated Protective Order.  The moving party may also submit a proposed order concerning the confidentiality of the material at issue for resolution by the Court or by an officer of the Court designated by the Court to hear discovery matters in this litigation.

The designating party will have the burden of demonstrating that the material at issue is properly designated as confidential under California law.  In the event of a dispute over the confidentiality of particular material, the Parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

## VI. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.

## VII. NO RESTRICTIONS

Nothing in this Stipulated Protective Order will: (a) restrict any party with respect to their own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's rights to object to the production or disclosure of documents or other information

that it considers not subject to discovery; (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.  Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege.  Nothing in this Stipulated Protective Order will be deemed an agreement by either party to produce certain types of documents and/or information.

## VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after the conclusion of this action, including any appeals, any party may request the return of all materials designated as Confidential Material and the responding party shall have 30 days thereafter to comply with such request.  This provision will not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business, or any other documents that counsel are required by law to maintain.

## IX. BINDING EFFECT

This Stipulated Protective Order will remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the attached Exhibit A retains in his, her, or its possession, custody or control any Confidential Material.

## X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.

## XI. ADDITIONAL RIGHTS

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential

1  Material sought by or produced through discovery, which protection is different from or
2  in addition to that provided for in this Stipulated Protective Order, and such right is
3  expressly reserved.  Similarly, each party expressly reserves the right at any time to
4  request the Court to authorize disclosure other than contemplated hereunder of materials
5  subject to this Stipulated Protective Order.

7  ACCEPTED AND AGREED.

9  Dated:  April 9, 2014          AKIN GUMP STRAUSS HAUER & FELD LLP
                                  GREGORY W. KNOPP
10                                JEREMY F. BOLLINGER

11                                By      /s/ Gregory W. Knopp
12                                        Gregory W. Knopp
                                          Attorneys for Defendant
13                                        STARBUCKS CORPORATION

14  Dated:  April 9, 2014          GAURAV BOBBY KALRA

15                                By /s/ Galrav Bobby Kalra (as authorized on 4/08/14)
                                     Galrav Bobby Kalra
16                                   Attorneys for Plaintiff
                                     MICHELLE WILCOX

### ORDER

21      Pursuant to the parties' stipulation, IT IS SO ORDERED.

22  Dated:  April 15, 2014

24  DALE A. DROZD
25  UNITED STATES MAGISTRATE JUDGE

26  Ddad1\orders.civil\wilcox0455.stip.prot.ord.docx

EXHIBIT A

ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Michelle R. Wilcox v. Starbucks Corporation*, Case No. 2:14-CV-00455-JAM-DAD, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing its terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 2014

By:_____
    Signature

_____
    Printed Name

Of: _____
    Name of Employer